IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDERICK DWIGHT JONES, ) | |
| # 157783, ) | |
|  ) | |
| Petitioner, ) | |
|  ) | CIVIL ACTION NO. |
| v. ) | 2:20-CV-590-WKW-CSC |
|  ) | [WO] |
| GWENDOLYN BABERS, *et al.*, ) | |
|  ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 in which Petitioner Frederick Dwight Jones claims that the Alabama Board of Pardons and Paroles ("Parole Board") violated his right to due process by failing to hold a parole revocation hearing within 20 days after his arrest as a parole violator, as provided in § 15-22-32(a), Ala. Code 1975. Doc. # 1. That statute provides that if an alleged parole violator remains in custody beyond 20 business days after the Parole Board receives notice of the parolee's return to custody and has not been provided with a revocation hearing, the parolee shall be released back to parole supervision.[1] *See* § 15-22-32(a), Ala. Code 1975.

---

[1] Section 15-22-32(a) states:

> Whenever there is reasonable cause to believe that a prisoner who has been paroled has violated his or her parole, the Board of Pardons and Paroles, at its next meeting, may declare the prisoner to be delinquent, and time owed shall date from the delinquency. The Department of Corrections, after receiving notice from the sheriff of the county jail where the state prisoner is being held, shall promptly notify the board of the return of a paroled prisoner charged with violation of his or her parole. Thereupon, *the board, a single member*

## II. BACKGROUND

Jones was on parole from his life sentence for robbery entered in the Circuit Court of Morgan County, Alabama, when he was arrested and charged with possession of methamphetamine and possession of drug paraphernalia. Doc. # 10 at 1–2. Those new charges and an allegation that he absconded from supervision were the bases of a parole violation report filed with the Parole Board. *Id.* Jones was transferred to Kilby Correctional Facility pending a revocation hearing. *Id.* However, due to Alabama Department of Corrections protocols for the COVID-19 pandemic, Parole Board staff could not enter the premises at Kilby. Doc. # 10-2 at 1. As a result, Jones did not receive a revocation hearing within 20 days, and he was released back to parole supervision on September 24, 2020. Doc. # 10-2 at 1; Doc. # 10-3 at 1. He currently appears to be incarcerated in the Morgan County Jail. *See* Doc. # 16.

In July 2020, before his release back to parole supervision, Jones filed a petition for a common-law writ of certiorari in the Circuit Court of Montgomery County claiming—as he does in the instant § 2254 petition—that the Parole Board violated his right to due process by failing to hold a parole revocation hearing within 20 days as provided in § 15-

---

*of the board, a parole revocation hearing officer, or a designated parole officer shall hold a parole court at the prison or at another place as it may determine within 20 business days and consider the case of the parole violator*, who shall be given an opportunity to appear personally or by counsel before the board or the parole court and produce witnesses and explain the charges made against him or her. The board member, parole revocation hearing officer, or a designated parole officer, acting as a parole court, shall determine whether sufficient evidence supports the violation charges. *If a hearing is not held within the specified 20 business days, the parolee shall be released back to parole supervision.*

§ 15-22-32(a), Ala. Code 1975 (emphasis added).

22-32(a). Doc. # 10-1. Jones argued he was therefore entitled to "immediate release." *Id.* at 3. A review of the state website for Alabama's trial courts reflects that in December 2020, Jones amended his petition for a common-law writ of certiorari to add a claim that the Parole Board revoked his parole in September 2020 without authority to do so, because the revocation hearing was not held within 20 days after his original arrest as a parole violator.[2] The Montgomery Circuit Court has yet to rule on Jones's petition for a common-law writ of certiorari or his amended petition.

In its answer to Jones's § 2254 petition, Respondents argue, among other things, that Jones has not exhausted his state court remedies regarding his challenge to the actions of the Parole Board.[3] Doc. # 10. Jones was afforded an opportunity to respond to Respondents' answer, but failed to file a response.

### III. DISCUSSION

A prerequisite to filing a federal habeas corpus petition is that the petitioner must exhaust his state court remedies, 28 U.S.C. § 2254(b)(1), giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)); *see also Castille v. Peoples*, 489 U.S. 346, 349 (1989). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277–78. To exhaust, "prisoners must

---

[2] *See* Docket of Montgomery County Circuit Court Case Nos. CV-2020-000399.00 (Doc. No. 4) and CV-2020-000392.00 (Doc. No. 3) (available via https://v2.alacourt.com/).

[3] Respondents argue that to the extent Jones seeks only to be released back to parole, his petition is moot, because he was released back to parole in September 2020. Doc. # 10 at 5, 7.

3

give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).

Under Alabama law, initial review of an action by the Parole Board "is by a petition for a common-law writ of certiorari filed in the Circuit Court of Montgomery County." *Henley v. State of Alabama Board of Pardons and Paroles*, 849 So.2d 255, 257 (Ala. Crim. App. 2002); *see also Johnson v. State*, 729 So. 2d 897, 898 (Ala. Crim. App. 1997). A complete round of appellate review of an adverse ruling on a petition for a common-law writ of certiorari in Alabama is by (1) appealing the denial of the petition to the Alabama Court of Criminal Appeals, *see* § 12-3-9, Ala. Code 1975; (2) petitioning the Alabama Court of Criminal Appeals for rehearing, *see* Ala.R.App.P. 39(c)(1); and (3) seeking discretionary review in the Alabama Supreme Court, *see* Ala.R.App.P. 39(c). *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004).

Here, Jones filed a petition for a common-law writ of certiorari in the Circuit Court of Montgomery County challenging actions of the Parole Board. At this date, the Montgomery Circuit Court has yet to rule on Jones's petition. Because no decision has been rendered on the petition, Jones has not yet sought appellate review of any decision by the Montgomery Circuit Court. Under the circumstances, then, Jones has failed to exhaust his state court remedies regarding review of actions by the Parole Board. This court does not consider it appropriate to rule on Jones's claims without first requiring that he exhaust his state court remedies. *See* 28 U.S.C. § 2254(1)(b)(2). The court therefore concludes

this § 2254 petition should be dismissed without prejudice so Jones may exhaust his state court remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE to allow Jones to exhaust his state court remedies.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before February 5, 2021.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE on this 22nd day of January, 2021.

                           /s/  Charles S. Coody
                           CHARLES S. COODY
                           UNITED STATES MAGISTRATE JUDGE